IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRYAN C. POPP,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-3477 |
| | § | |
| **NEW RESIDENTIAL MORTGAGE,** | § | |
| **LLC and LOANCARE, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendants New Residential Mortgage, LLC ("NRM") and LoanCare, LLC ("LoanCare") ("Defendants") remove this action from the 234th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1. On September 21, 2022, Plaintiff Bryan C. Popp ("Plaintiff") filed his Original Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Complaint"), *Bryan C. Popp v. New Residential Mortgage, LLC and LoanCare, LLC*; Cause No. 2022-60499, in the 234th Judicial District Court, Harris County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 234th Judicial District Court, Harris County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff seeks injunctive relief preventing foreclosure and damages for declaratory judgment, negligence, breach of contract, violations of Section 51 of the Texas Property Code, and fraud.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 234th Judicial District Court, Harris County, Texas and obtained by Defendant are attached hereto.

5. In support of this removal and as required by Local Rule 81, please find attached as follows:

> **Exhibit A:** Index of Matters Being Filed;
>
> **Exhibit B:** Civil Cover Sheet;
>
> **Exhibit C:** State Court Civil Docket Sheet;
>
> **Exhibit D:** State Court File;
>
> **Exhibit E:** List of all counsel of record, including addresses, telephone numbers and parties represented; and
>
> **Exhibit F:** Harris County Appraisal District Record.

## II.   TIMELINE FOR NOTICE OF REMOVAL

6. Defendants have not been served with process in this cause. Less than thirty (30) days have passed since Defendants received notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

    **a.**   **Diversity of Citizenship**

8. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

10. Based upon Plaintiff's Complaint, Plaintiff is a citizen of Harris County, Texas.

11. Defendant NRM is a citizen of Delaware and New York for diversity jurisdiction. New Residential Mortgage, LLC is a Delaware limited liability company. The citizenship of a limited liability company depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). New Residential Mortgage, LLC's sole member is New Residential Investment Corporation, a publicly-traded company. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). New Residential Investment Corporation is incorporated by the State of Delaware and maintains its principal office in New York. New Residential Investment Corporation is therefore a citizen of both Delaware and New York. Based on the foregoing, New Residential Mortgage, LLC is a citizen of Delaware and New York for diversity purposes.

12. Defendant LoanCare LLC is a limited liability company. LoanCare may be considered a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire and New York. It is not a citizen of Texas.

a. LoanCare's sole member is ServiceLink NLS, LLC, a Delaware limited liability company.

b. ServiceLink NLS, LLC's sole member is ServiceLink Holdings, LLC.

c. ServiceLink Holdings, LLC's members are ServiceLink Holdings, Inc. and ten private investment funds.

d. ServiceLink Holdings, Inc. is a Delaware corporation with its principal place of business in Florida.

e. One of the investment funds, THL Equity VI Investors (BKFS) III, L.P. is a Delaware limited partnership, whose sole member is a Japanese bank with its principal place of business in Japan.

f. Two of the investment funds are limited liability companies: THL Equity Fund VI Investors (BKFS-LM), LLC and THL Equity Fund VI Investors (BKFS-NB), LLC. THL Equity Fund VI Investors (BKFS-LM), LLC is held by six corporations. Two of the corporations are incorporated in Wisconsin, two are incorporated in Massachusetts, and two are incorporated in New Hampshire. All six of the corporations have their principal place of business in Massachusetts.

g. The sole member of the other limited liability company, THL Equity Fund VI Investors (BKFS-NB), LLC, is a Wyoming limited partnership with its principal place of business in New York. The Wyoming limited partnership is held by a governmental entity in the State of Wyoming and another Wyoming limited liability company, which, in

turn, is controlled by a Delaware corporation with its principal place of business in New York.

  h. The remaining seven members of ServiceLink Holdings, LLC are Delaware corporations with their principal place of business in Massachusetts: THL Investors Black Knight II (A) Holding Corp.; THL Investors Black Knight II (B) Holding Corp.; THL Black Knight II (A) Holding Corp.; THL Black Knight II (B) Holding Corp.; THL Black Knight II (C) Holding Corp.; THL Black Knight II (D) Holding Corp.; and THL Black Knight II (E) Holding Corp.

13. Plaintiff is a citizen of the State of Texas, Defendant NRM is a citizen of Delaware and New York, and Defendant LoanCare is a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire and New York, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

  **b.** **Amount in Controversy Exceeds $75,000**

14. Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

15. The Complaint seeks relief from Defendants, including injunctive and declaratory relief. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir.

1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

16. The most recent tax appraisal for the Property sets the market value for the Property at $223,505.[1] This alone satisfies the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

### IV. VENUE

17. Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris

---

[1] *See* Exhibit F – Harris County Appraisal District valuation for the Property for 2021.

County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## V. CONCLUSION

WHEREFORE Defendants New Residential Mortgage, LLC and LoanCare, LLC remove this action from the 234th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

                                                Respectfully submitted,

By:    /s/ *Mark D. Hopkins*
        Mark D. Hopkins – *Attorney in Charge*
        State Bar No. 00793975
        SD ID No. 20322
        HOPKINS LAW, PLLC
        3 Lakeway Centre Ct., Suite 110
        Austin, Texas 78734
        (512) 600-4320
        mark@hopkinslawtexas.com

OF COUNSEL FOR
**CODILIS & MOODY, P.C.**

Danya Gladney
State Bar No. 24059786
CODILIS & MOODY, P.C.
400 N. Sam Houston Parkway E.
Suite 900A
Houston, Texas 77060
(281) 925-5243
Danya.Gladney@tx.cslegal.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF:***
Milan G. Marinkovich
Kyle J. Moore
Milan G. Marinkovich & Associates, PLLC
25211 Grogans Mill Road, Suite 130
The Woodlands, Texas 77380
eservice@milanlaw.org
**ATTORNEY FOR PLAINTIFF**

                                                   /s/ *Mark D. Hopkins*
                                                   Mark D. Hopkins