United States District Court
Southern District of Texas
**ENTERED**
December 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Bryan C. Popp, § § § Plaintiff, § § *versus* § § New Residential Mortgage, LLC and, § LoneCare, LLC, § § Defendants. § § § § | Civil Action H-22-3477 |

## Opinion on Dismissal

Defendants New Residential Mortgage, LLC, and LoanCare, LLC have moved to dismiss this lawsuit for failure to state a claim; this motion, now before the Court, will succeed in part and fail in part.

1. *Background*

Popp's mother Victoria L. Carmichael died in December 2017. Popp received his mother's interest in the mortgaged property, which had been conveyed to him before she died through a revocable Transfer on Death Deed.[1]

When Carmichael first purchased the property back in 2006, she had contemporaneously executed a deed of trust; the deed stipulated that the loan would accelerate in case of default.[2] That loan is now apparently in default for non-payment, and New Residential Mortgage, the first mortgagee, and LoanCare, the assignee and beneficiary of the deed of trust, together attempted to initiate

---

[1] [Doc. 1-4] at ¶ 10–11.

[2] *Id.* at ¶ 9.

1

a foreclosure sale, which had been scheduled for October 4, 2022.[3]

Popp brought suit to halt the foreclosure sale, making a number of claims. He first alleges that the property sustained damage from a freeze on February 16, 2021, and that when he tried to file a claim, he discovered that the defendants had failed to pay the premiums for the policy from the periodic payments outlined in the deed of trust, which delineated that such payments would be made, in part, for premiums for hazard insurance.[4]

Popp further claims that LoanCare purchased a back-dated coverage policy from American Security Insurance Company, and that at least $41,165.53 paid out under the policy had been "arbitrarily and wrongfully withheld" from him by the defendants, preventing him from restoring the property to liveable conditions and causing diminution in the value of the property.[5]

In addition to this insurance-based claim, Popp also alleges that the sale was improper because the defendants failed to send him the required acceleration and foreclosure notices.[6]

2.  *Legal Standard for 12(b)(6) Motions, Summary Judgment*

Rule 12(b)(6) allows a party to defend against a claim by moving to dismiss it for failure to state a claim upon which relief can be granted.[7] Plaintiffs must offer specific, well-pleaded facts, as opposed to merely conclusory allegations.[8] Mere labels, conclusions, and formulaic recitations of the elements

---

[3] *Id.* at ¶ 18.

[4] *Id.* at ¶ 13–17.

[5] *Id.* at ¶ 17.

[6] *Id.* at ¶ 23.

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

of a cause of action will not suffice.[9] Courts in turn must accept well-pleaded facts as true, and view them in the light most favorable to the plaintiff.[10] In sum, a complaint fails to state a claim upon which relief may be granted when the underlying legal claim is insufficiently supported by well-pleaded facts, or when the well-pleaded facts, even when accepted as true, do not state a legally cognizable claim.

When presented with matters outside the pleadings in support of or in opposition to a 12(b)(6) motion to dismiss, courts enjoy discretion to accept and consider these materials, but are not required to do so.[11] In considering Rule 12(b)(6) motions, courts may treat documents attached to them as part of the pleadings if they are referenced in the plaintiff's complaint and central to her claim.[12]

Courts exercise this discretion on non-pleading materials by determining whether the proffered material is likely to facilitate disposing of the action.[13] If a court does consider such non-pleading materials, it must instead treat the motion as a motion for summary judgment under Rule 56.[14] Conversion is better

---

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570).

[11] *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir.1988) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1969)).

[12] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)).

[13] *Id.* ("When the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, when it is scanty, incomplete, or inconclusive, the court probably will reject it.").

[14] Fed. R. Civ. P. 56.

justified "when the non-pleading materials are comprehensive and will enable a rational determination of a summary judgment motion."[15] The key inquiry "is whether the losing party has been given adequate notice and an opportunity to supplement the record before summary judgment is granted."[16]

3.  *Breach of Contract*
    A.  *Standing*

Under Texas law, standing to assert defects in a contract or seek its enforcement through breach claims generally belongs only to the parties to the contract and their successors-in-interest.[17] A successor-in-interest is defined as "[o]ne who follows another in ownership or control of property."[18] The successor "retains the same rights as the original owner, with no change in substance."[19]

While Popp is not a party to the loan agreement, he is a successor-in-interest. When Victoria L. Carmichael conveyed her interest in the property to her son Popp upon her death in 2017, Popp acquired her interest in the property and retained her rights.[20] Popp is a classic example of a successor-in-interest and has standing.

---

[15] *Miguel Luna v. American National Insurance Co.*, No. EP-21-CV-00064-FM, 2021 WL 1911339 (W.D. Tex. 2021) (citations omitted).

[16] *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008) (citing *Clark v. Tarrant County, Tex.*, 798 F.2d 736, 745–46 (5th Cir. 1986)).

[17] *Kirby Lumber Corp. v. Williams*, 230 F.2d 330, 332-33 (5th Cir. 1956) ("The only proper parties to a suit to foreclose a mortgage are the mortgagor and mortgagee and those whose interests have been acquired subsequently to the date of the mortgage.").

[18] *Classic Indus., LP v. Mitsubishi Chem. FP Am., Inc.*, No. 3:07-CV-1201-P, 2009 WL 10677532 (N.D. Tex. 2009) (citing Black's Law Dictionary 688 (3d ed. 2006)).

[19] Black's Law Dictionary 688 (3d ed. 2006).

[20] [Doc. 1-4] at ¶ 10–11.

### B. *Identification of Breach*

A breach of contract claim under Texas law requires the following elements: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach.[21] As to the breach element, a claim for a breach of the deed of trust "must identify the specific provision in the contract that was breached."[22]

The defendants argue that Popp fails to state a breach of contract claim because he has not identified specific provisions in the contract that were breached. They are correct that the complaint's proffered facts fail to reference any specific provisions, and even the "Breach of Contract" section under their causes of action also fails to identify specific provisions.[23] Upon further review, however, Popp does explicitly cite, under his "Declaratory Judgment" argument, to Section 22 of the deed of trust, titled "Acceleration; Remedies."[24] The imprudence of its placement aside, Popp has sufficiently identified the specific provision breached — but only with respect to notices of acceleration and foreclosure. His other breach of contract contention, that the defendants violated the Deed of Trust by not making insurance premium payments from the periodic payments and arbitrarily withholding loss payments issued by the hazard insurer, does not sufficiently refer to any specific provisions.

With respect to notice, the materials attached to the defendants' motion

---

[21] *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

[22] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). *See also BAPA Brooklyn 2004, LLC v. Guild Mortg. Co.*, No. 3:20-CV-254-X-BN, 2020 WL 4341126 (N.D. Tex. 2020), report and recommendation adopted, No. 3:20-CV-00254-X-BN, 2020 WL 4338895 (N.D. Tex. 2020) ("[A] plaintiff fails to state a claim for breach of a deed of trust if it fails to identify a specific provision that was breached.") (citing *Williams*, 560 F. App'x at 238).

[23] *See* [Doc. 1-4] at ¶ 7–19, 23–24.

[24] [Doc. 1-4] at ¶ 20.

to dismiss apparently indicates that they did in fact provide sufficient legal notice to Popp;[25] however, this evidence was attached to their motion, not to any pleadings. This material is not considered part of the pleadings because it does not meet the criteria of having been referred to in the plaintiff's complaint and central to his claim.[26] The Court, in exercise of its discretion, will also not treat the Rule 12(b)(6) motion as a motion for summary judgment, since the plaintiff has not had adequate opportunity to supplement the record.[27]

Had the defendants filed the materials in their Rule 12(b)(6) motion in a responsive pleading prior to the motion, dismissal may be proper. Nevertheless, in light of the Court's election against turning their motion into a motion for summary judgment, the consequence of this procedural deficiency is that Popp has sufficiently stated a claim with respect to his breach of contract argument that he did not receive the notice of acceleration and foreclosure that he was entitled to under the contract. The defendants, however, may later assert the same evidence offered in their 12(b)(6) motion in a motion for summary

---

[25] In their motion to dismiss, the defendants have attached multiple notices, both to Bryan Popp and to the Estate of Victoria Carmichael, and these notices certainly seem to meet the contract's notice requirements. *See, e.g.,* [Doc. 4-3] at 10 ("[Y]ou are in default . . . You have a right to cure your default. To cure the default, you must pay the full amount of this loan by 07/12/22 . . . Failure to cure the default on or before this date will result in acceleration of the sums secured by the Security Instrument and sale of the property."). This letter was addressed to Bryan C. Popp and dated June 7, 2022, which is more than 30 days prior to 07/12/22. Multiple letters were sent, including to the estate of Victoria Carmichael. While the Court might wonder whether the letters to Popp were improperly mailed to the wrong address, this uncertainty is assuaged by Popp's declaration in support of his temporary restraining order application, wherein his declared address matches the subject property. *See* [Doc. 1-4] at 13.

[26] *See, e.g., Collins,* 224 F.3d at 498–99. While the question of whether Popp was afforded notice of acceleration and foreclosure is central to his breach of contract claim on that exact issue, his complaint did not reference the particular materials that the defendants have filed in their motion to dismiss. Popp's claim that there was an absence of notice does not equate to a reference to the defendants' proof of notice.

[27] *Ace Am.,* 255 F.R.D. at 188 (citations omitted).

judgment, after adequate time for discovery.

While the notice component of his breach of contract claim survives, failure to identify the specific provision in the contract is a fatal defect in this Circuit, and in light of this deficiency, the insurance-related breach claim fails.

### C. *Implications of Default Status*

Under Texas law, it is well-established that a party to a contract who is himself in default cannot maintain a suit for its breach.[28] To that end, a borrower who fails "to make payments on a . . . deed of trust loan . . . is therefore unable to bring a claim for breach of contract."[29]

The defendants argue that since the decedent was in default under the loan agreement, Popp could not maintain a breach of contract claim. While the substance of this argument may well be meritorious, nothing in the pleadings undergirds this argument. Neither parties asserted in any pleadings, or provide proof therein, that the loan fell into default; in fact, the defendants first mentioned it in their motion to dismiss. As a procedural matter, the Court cannot grant the dismissal of the defendants' breach claim as a matter of law on this ground because neither parties' pleadings assert that Popp was in default.

### 4. *Negligence*
### A. *Legal Duty Owed*

To establish the elements of a negligence claim under Texas law, a plaintiff must show: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach.[30] As explained by a Texas appeals court,

---

[28] *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (citations omitted).

[29] *Smith v. JPMorgan Chase Bank, N.A.*, No. 4:15-CV-00682-ALM, 2016 WL 11472828 at *6 (E.D. Tex. 2016), *report and recommendation adopted*, No. 4:15-CV-682, 2016 WL 4974899 (E.D. Tex. 2016), *aff'd*, 699 F. App'x 393 (5th Cir. 2017).

[30] *Gann v. Anheuser–Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App. 2012).

> Tort obligations are those imposed by law when a person breaches a duty which is independent from promises made between the parties to a contract; contractual obligations are those that result from an agreement between parties, which is breached. If the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract. If the defendant's conduct would give rise to liability independently of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort.[31]

When the tort claim is necessarily based on the contract, the court "must first find that a special relationship exists between them."[32] While these special relationship may arise in certain limited contexts, such as where there exists an imbalance of bargaining power,[33] the relationship between a borrower and a lender is not an example of a special relationship, short of "extraneous facts and conducts, such as excessive lender control over, or influence in, the borrower's business activities."[34]

In reviewing Popp's pleadings on the issue of legal duty, the only discussion of duty is his conclusory statement that "Defendants had a duty to apply the periodic payments" and that they "owed a legal duty to Plaintiff." Without any facts that this Court could generously construe as indication of a special relationship, Popp fails to adequately plead his negligence claim.

    B.    *Economic Loss Doctrine*

---

[31] *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 674 (Tex. App. 1996) (citations omitted).

[32] *Id.* at 675 (citations omitted).

[33] *Id.* (citations omitted).

[34] *Id.* (citations omitted).

The economic loss doctrine in Texas has been applied against tort claims brought to recover against a defendant when the plaintiff's damages are only for economic losses caused by the failure to perform a contract.[35] Breach of contract claims "proceed as distinct causes of action with separate remedies," thereby barring tort recovery.[36]

Popp has pleaded that the defendants' negligence with respect to the contract has caused him damages in the form of: (1) "loss of use of the subject property during the time which the subject property could not be restored to its pre-loss conditions because of the lapse of coverage," (2) "mental anguish," and (3) "other compensable harm."[37] The first and third claims for damages do not plead any more than economic damages, which are unrecoverable under the economic loss doctrine. The second, mental anguish, is simply without legal basis, as Texas precedent makes clear that "mental anguish damages are not recoverable in any tort action based on rights growing out of the breach of contract."[38]

While the absence of a legal duty owed to Popp is dispositive of the matter, the Court also finds that Popp has failed to plausibly state a tort-based negligence claim in light of the economic loss doctrine. Since either defect is sufficient alone for dismissal, the negligence claim will be dismissed.

5.   *Fraud*

To plead fraud in federal court, Rule 9(b) of the Federal Rules dictates that parties alleging fraud "must state with particularity the circumstances

---

[35] *Coffey v. Fort Wayne Pools, Inc.*, 24 F.Supp.2d 671, 687 (N.D. Tex. 1998).

[36] *Advon Corp. v. Coopwood's Air Conditioning Inc.*, 517 F. Supp. 3d 656 (S.D. Tex. 2021) (citing *Medical City Dallas, Ltd. v. Carlisle Corp*, 251 S.W.3d 55, 60 (Tex. 2008) (citations omitted)).

[37] [Doc. 1-4] at ¶ 22.

[38] *See, e.g., Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 486 (Tex. App. 1996) (citations omitted).

constituting fraud or mistake."[39] Rule 9(b) requires pleading the particulars of "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby."[40] Put another way, parties must set forth "the who, what, when, where, and how."[41]

In contrast to other cases wherein courts have found fraud, Popp's complaint is virtually completely comprised of legal conclusions, and barren of well-pleaded facts. Nothing in the "Factual Background" of his complaint indicates that the defendants acted fraudulently; when discussing fraud under the causes of action, he pleads only legal conclusions. Among his pleadings on fraud, Popp asserts that he "will show at the time of trial that Defendants made material, false representations," that he "will further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants," that the defendants "used deceit or trickery to induce [him] or his predecessor in interest to act to his/her disadvantage, by causing him/her to make the covenants contained in the Deed of Trust," and that the deceit and trickery "was known to contain false and misleading representations or were recklessly asserted . . . without any knowledge of truth."[42]

These statements amount to little more than boilerplate recitations of the elements to a fraud claim, and do not satisfy the heightened requirements for pleading fraud. The "who, what, when, where, and how" are sorely lacking, particularly when compared to pleadings which have withstood Rule 9(b) requirements.[43]

---

[39] Fed. R. Civ. P. 9(b).

[40] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134 (5th Cir. 1992) (citing 5 WRIGHT & MILLER, *Federal Practice and Procedure* § 1297, at 590 (1990)).

[41] *See, e.g., Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).

[42] [Doc. 1-4] at ¶ 26–30.

[43] *See, e.g., Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134 (5th Cir. 1992) (finding fraud sufficiently pleaded where the plaintiffs alleged that TBS wrote an April 27, 1983 letter containing false representations inducing an agreement to allow TBS to sell two

Popp has failed to meet the heightened pleading requirements for fraud; the deficiencies, while self-evident on their face, are especially glaring when contrasted with illustrations of cases wherein fraud has been sufficiently pleaded.

6. *Texas Property Code*

The Texas Property Code requires a lender to provide notice of default and intent to accelerate, specify the action required to cure the default, and give the debtor opportunity to cure the default within a minimum of twenty days.[44] § 51.002 of the Texas Property Code, however, does not confer private right of action.[45] Given this limitation, claims under § 51.002 have been construed instead as wrongful foreclosure claims.[46] For wrongful foreclosure claims, the plaintiff must plead three elements: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.[47]

Popp brought suit under the Texas Property Code, and since such action

---

new systems to a subsidiary falsely representing that TBS would buy back two systems from plaintiff); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (finding that the complaint sufficiently pleaded fraud since it included: the subject of the misrepresentations (including re: operations, financial results, customer relations), the date and location where the misrepresentation transpired (April 1999 in Angleton, Texas), the names of individuals involved in the oral misrepresentations, and the avenues that these misrepresentations transpired (including through dated memorandums, dated in-person discussions, and named purchase agreements), as well as why the various assertions were fraudulent or misleading).

[44] Tex. Prop. Code § 51.002(d); *Carey v. Fargo*, No. CV H-15-1666, 2016 WL 4246997 (S.D. Tex. 2016).

[45] *See, e.g., Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-CV-810, 2013 WL 3807756 at *4 (S.D. Tex. 2013).

[46] *See id.* (collecting cases).

[47] *Carey*, 2016 WL 4246997 at *3 (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013)).

11

is not cognizable, it is construed as a wrongful foreclosure claim. Despite this construction, he has not pleaded the elements necessary for a wrongful foreclosure claim — in fact, Popp has not even pleaded that the property has been subject to a foreclosure sale at all. In sum, Popp's Texas Property Code claim fails to state a legally cognizable claim even when construed as an action for wrongful foreclosure.

7. *Dismissal With or Without Prejudice*

District courts "generally should provide the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice."[48] While denial of leave is generally disfavored, it is warranted under certain enumerated circumstances, such as where amendment would be futile because better pleadings would not change the reality that the claims fail as a matter of law.[49]

As discussed earlier, Popp's claims based on negligence and the Texas Property Code fail as a matter of law, and leave to amend would therefore be futile. While his claim of fraud is inadequate with respect to meeting the heightened pleadings requirements, Popp will be permitted to try again.[50] Finally, since the Court cannot say that amendment of Popp's breach of contract claims will certainly be futile, he may also amend that component of his suit.

8. *Conclusion*

The motion to dismiss will succeed in part and fail in part. Popp's

---

[48] *Newell v. U.S. Bank Tr. Nat. Ass'n*, No. CIV.A. H-13-0865, 2013 WL 2422660 at *2 (S.D. Tex. 2013) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[49] *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir.2010).

[50] His affidavit, filed November 4, 2022, did include more facts that might be more indicative of fraud. In an amended complaint, he might try to meet the particularity requirements by incorporating some aspects of his affidavit. *See* [Doc. 6].

negligence and Texas Property Code claims will be dismissed with prejudice, and his claim of fraud will be dismissed without prejudice and with leave to amend. His breach of contract claim, with respect to the insurance-based claim, will also be dismissed without prejudice and with leave to amend. Popp's breach of contract action will survive with respect the notice-based claim.

By February 10, 2023, Popp may file an amended complaint or notify the Court that he intends to stand on his current pleading.

Signed on December 20, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge